IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40441
Conference Calendar
_____


JAMES HENRY JOHNSON,

                                        Plaintiff-Appellant,

versus

UNIDENTIFIED QUARTERMAN, Warden;
JAMES A. COLLINS, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; BILL LAYTON,
Administrator; Steven G. KASPARIAN,

                                        Defendants-Appellees.



- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:94-CV-865
- - - - - - - - - -
August 22, 1995


Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

James Henry Johnson appeals the dismissal of his 42 U.S.C. § 1983 suit in which he alleged that prison officials failed to protect him from attacks by other inmates and failed to provide adequate medical care.  An in forma pauperis complaint may be

_____

[*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

dismissed as frivolous pursuant to 28 U.S.C. § 1915(d) if it has no arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993). This court reviews a § 1915(d) dismissal under the abuse-of-discretion standard. Id.

To establish a failure-to-protect claim under the Eighth Amendment a prisoner must show that prison officials were deliberately indifferent to his need for protection. Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). A prison official acts with deliberate indifference under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994).

Johnson did not allege any facts tending to show that prison officials were deliberately indifferent to his safety. On the contrary, after being warned by an inmate of a possible attack on Johnson, the officer escorting Johnson from his cell brought a shield for their protection. Although the officer was unable to prevent the August 23, 1994, attack, he responded by trying to protect Johnson. Nor do Johnson's allegations that he has been attacked by other inmates after that date indicate deliberate indifference on the part of prison officials.

As to his denial-of-medical care claim, Johnson fails to raise this issue in his brief on appeal. Although this court liberally construes pro se briefs, see Haines v. Kerner, 404 U.S. 519, 520 (1972), this court requires arguments to be briefed in order to be preserved. Yohey v. Collins, 985 F.2d 222, 225 (5th

Cir. 1993). Claims not adequately argued in the body of the brief are deemed abandoned on appeal. Id. at 224-25.

Johnson's brief is wholly without merit, rendering the appeal frivolous. See Coghlan v. Starkey, 852 F.2d 806, 811 (5th Cir. 1988). This appeal is dismissed as such. See 5th Cir. Rule 42.2.

This court, in two prior cases, expressly warned Johnson of the possibility of sanctions if he continued to file frivolous appeals. Because Johnson failed to withdraw this appeal despite being twice warned, this court chooses to exercise its "discretionary power" pursuant to 28 U.S.C. § 1915(e), to render judgment for costs at the end of the action. See Moore v. McDonald, 30 F.3d 616, 621 (5th Cir. 1994). Accordingly, the costs of this appeal, $105, are taxed against Johnson. No new filings by or on behalf of Johnson will be accepted by the Clerk of Court without the express written consent of a judge of this court.

Johnson's "motion for amended brief" is DENIED.

APPEAL DISMISSED.